Sarah J. Guske (CA Bar No. 232467)
Email: sarah.guske@bakerbotts.com
**BAKER BOTTS L.L.P**
101 California Street, Suite 3600
San Francisco, CA 94111
Telephone: (415) 291-6200
Fax: (415) 291-6300

Jon V. Swenson (CA Bar No. 233054)
Email: jon.swenson@bakerbotts.com
**BAKER BOTTS L.L.P**
1001 Page Mill Road Bldg One, Suite 200
Palo Alto, CA 94304
Telephone: (650) 739-7514
Fax: (650) 739-7614

Samir A. Bhavsar (*Pro Hac Vice forthcoming)*
**BAKER BOTTS L.L.P**
Email: samir.bhavsar@bakerbotts.com
2001 Ross Avenue
Dallas, Texas 75201
Telephone: (214) 953-6500
Fax: (214) 953-6503

Lauren J. Dreyer (*Pro Hac Vice forthcoming)*
**BAKER BOTTS L.L.P**
Email: lauren.dreyer@bakerbotts.com
700 K Street, N.W.
Washington, DC 20001
Telephone: (202) 639-7700
Fax: (202) 639-7890

*Attorneys for Plaintiffs AT&T Corp., AT&T Services, Inc., and AT&T Mobility LLC*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| AT&T CORP., AT&T SERVICES, INC., AND AT&T MOBILITY LLC,<br><br>Plaintiffs,<br><br>v.<br><br>VOIP-PAL.COM, INC.,<br><br>Defendant. | Case No. 20-cv-2995<br><br>**COMPLAINT FOR DECLARATORY JUDGMENT OF NONINFRINGEMENT AND INVALIDITY**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiffs AT&T Corp., AT&T Services, Inc., and AT&T Mobility LLC ("the AT&T plaintiffs") seek a declaratory judgment that they do not infringe any claim of U.S. Patent No. 10,218,606 (the "'606 patent") and that the '606 patent is invalid. There is a live and existing controversy between the parties to this lawsuit. On April 24, 2020, defendant VoIP-Pal.com, Inc. ("VoIP-Pal") filed a patent infringement suit asserting the '606 patent in the Western District of Texas against two of the three plaintiffs (AT&T Corp. and AT&T Services, Inc.). The infringement allegations in that lawsuit are directed, at least in part, to products and services of the third plaintiff (AT&T Mobility LLC). Honorable Judge Lucy H. Koh of the Northern District of California has extensive experience with the family of patents that includes the '606 patent, making it logical and judicially efficient for the parties' dispute to be heard in this Court.

**INTRODUCTION**

1. This is an action for a declaratory judgment arising under the patent laws of the United States, Title 35 of the United States Code. The AT&T plaintiffs seek a declaratory judgment that they do not infringe any claim of the '606 patent and that the '606 patent is invalid. The action arises from a real and immediate controversy between the AT&T plaintiffs and VoIP-Pal as to whether the AT&T plaintiffs infringe any claims of the '606 patent, attached as Exhibit 1 and entitled "Producing Routing Messages For Voice Over IP Communications."

2. This is not the first lawsuit between VoIP-Pal and an AT&T entity in this District. As detailed below, VoIP-Pal previously filed six lawsuits—one against plaintiff AT&T Corp.—collectively alleging infringement of six patents related to the '606 patent. VoIP-Pal voluntarily consented to transfer of those cases to this District. (Exhibit 2.) This Court subsequently found that all six patents were invalid under 35 U.S.C. § 101 for claiming ineligible subject matter. (Exhibits 3-4.) One of this Court's two decisions (concerning two patents, both asserted against AT&T) has already been affirmed by the Federal Circuit pursuant to Fed. R. App. P. 36 (Exhibit 5), and VoIP-Pal's appeal of the second decision (concerning the other four patents) is pending.

3. The '606 patent is part of the same family as, and shares a common specification with, the six already-invalidated patents. The claims of the '606 patent are also very similar to the claims of the patents already invalidated by this Court. Despite this Court's familiarity with VoIP-

Pal's patents, in an apparent effort to avoid a similar judgment, VoIP-Pal now asserts infringement of the '606 patent against AT&T Inc., AT&T Corp., AT&T Communications of Texas LLC, and AT&T Services, Inc. in a lawsuit filed in the Western District of Texas on April 24, 2020. (Exhibit 6.) VoIP-Pal also filed a cluster of lawsuits against Google, Facebook, Apple, Amazon, and Verizon in the Western District of Texas, alleging infringement of the '606 patent in those cases as well.

4. VoIP-Pal's forum shopping attempts should be disregarded, and in the interests of justice and judicial efficiency, any dispute between VoIP-Pal and the AT&T plaintiffs concerning the '606 patent should be adjudicated in this District.

5. The AT&T plaintiffs believe that they do not infringe the '606 patent, that they have not infringed any claims of the '606 patent, and that the claims of the '606 patent are invalid.

6. VoIP-Pal's actions have created a real and immediate controversy between VoIP-Pal and the AT&T plaintiffs as to whether their products and/or services infringe any claims of the '606 patent, and whether the claims of the '606 patent are invalid. The facts and allegations recited herein show that there is a real, immediate, and justiciable controversy concerning these issues.

## THE PARTIES

7. AT&T Corp. is a New York corporation with a place of business at One AT&T Way, Bedminster, New Jersey 07921.

8. AT&T Services, Inc. is a Delaware corporation with a place of business at 208 S. Akard St., Dallas, Texas 75202.

9. AT&T Mobility LLC is a Delaware limited liability company with a place of business at 1025 Lenox Park Blvd NE, Atlanta, Georgia 30319.

10. On information and belief, VoIP-Pal is a company incorporated and registered under the laws of Nevada with a principal place of business in Bellevue, Washington.

11. On information and belief, including VoIP-Pal's allegations in litigations filed in Texas, VoIP-Pal owns the '606 patent.

## JURISDICTIONAL STATEMENT

12. This action arises under the Declaratory Judgment Act, 28 U.S.C. § 2201 et seq., and under the patent laws of the United States, Title 35 of the United States Code.

13. This Court has subject matter jurisdiction over the claims alleged in this action under 28 U.S.C. §§ 1331, 1332, 1338, 2201, and 2202 because this Court has exclusive jurisdiction over declaratory judgment claims arising under the patent laws of the United States pursuant to 28 U.S.C. §§ 1331, 1338, 2201, and 2202. Jurisdiction is also proper under 28 U.S.C. § 1332 because AT&T and VoIP-Pal are citizens of different states, and the value of the controversy exceeds $75,000.

14. This Court can provide the declaratory relief sought in this Declaratory Judgment Complaint because an actual case and controversy exists between the parties within the scope of this Court's jurisdiction pursuant to 28 U.S.C. § 2201. An actual case and controversy exists at least because the AT&T plaintiffs do not infringe and have not infringed any claims of the '606 patent; VoIP-Pal previously filed a lawsuit against AT&T Corp. alleging infringement of two patents related to the '606 patent; the '606 patent shares a common specification with those two patents; the claims of the two patents that were previously asserted in litigation against AT&T Corp. are very similar to claims of the '606 patent; VoIP-Pal has accused two of the three plaintiffs, AT&T Corp. and AT&T Services, Inc., of infringing the '606 patent in litigation in the Western District of Texas; VoIP-Pal's infringement allegations generally implicate products or services provided by the third plaintiff, AT&T Mobility LLC; and, on the basis of VoIP-Pal's allegations in the Western District of Texas complaint, AT&T Mobility therefore also has a reasonable apprehension of suit with regard to these allegations. Moreover, both patents previously asserted by VoIP-Pal against AT&T Corp. were held invalid under 35 U.S.C. § 101 by this Court, and—based on the substantial similarities between those invalid claims and the claims of the '606 patent—the '606 patent is invalid for at least the same reasons. Furthermore, VoIP-Pal's executives have recently made public statements that VoIP-Pal is "not finished" taking action, despite the recent decision of the Federal Circuit affirming the judgment from this judicial district that the claims of two patents that VoIP-Pal previously asserted against AT&T Corp. are invalid. (Exhibit 7.)

15. This Court has personal jurisdiction over VoIP-Pal because VoIP-Pal has engaged in actions in this District that form the basis of the AT&T plaintiffs' claims against VoIP-Pal—namely, the prosecution of the prior patent infringement lawsuit against AT&T Corp. in this District involving patents related to the '606 patent, and voluntarily transferring to this District the lawsuit

that VoIP-Pal filed against AT&T Corp. VoIP-Pal's actions have created a real, live, immediate, and justiciable case or controversy between VoIP-Pal and the AT&T plaintiffs.

16. As a result of VoIP-Pal's conduct described above, VoIP-Pal has consciously and purposefully directed allegations of infringement of the '606 patent at plaintiffs AT&T Corp. and AT&T Services, Inc., and, on the basis of VoIP-Pal's allegations in the Western District of Texas complaint, at AT&T Mobility, who provides products and services to its customers nationwide, including in this District.

17. In doing so, VoIP-Pal has established sufficient minimum contacts with the Northern District of California such that VoIP-Pal is subject to specific personal jurisdiction in this action. Further, the exercise of personal jurisdiction based on these repeated and pertinent contacts does not offend traditional notions of fairness and substantial justice.

18. Venue is proper in this District under 28 U.S.C. §§ 1391 and 1400, including because, under Ninth and Federal Circuit law, venue in declaratory judgment actions for noninfringement of patents is determined under the general venue statute, 28 U.S.C. § 1391. Additionally, VoIP-Pal consented to transfer to this District the lawsuit that VoIP-Pal filed against AT&T Corp.

19. Under 28 U.S.C. § 1391(b)(1), venue is proper in any judicial district where a defendant resides. An entity with the capacity to sue and be sued, such as VoIP-Pal, is deemed to reside, if a defendant, in any judicial district in which such defendant is subject to the court's personal jurisdiction with respect to the civil action in question under 28 U.S.C. § 1391(c).

20. As discussed above, VoIP-Pal is subject to personal jurisdiction with respect to this action in the Northern District of California, and thus, at least for the purposes of this action, VoIP-Pal resides in the Northern District of California and venue is proper under 28 U.S.C. § 1391.

## FACTUAL BACKGROUND

21. In 2016, VoIP-Pal filed lawsuits in the District of Nevada against AT&T Corp., Apple, Verizon, and Twitter, alleging infringement of two patents—U.S. Patent Nos. 8,542,815 (the "'815 patent") and 9,179,005 (the "'005 patent"). VoIP-Pal voluntarily consented to transfer of its case against AT&T Corp. to this District, and between August and November 2018, each of the four cases was transferred to this District and consolidated for pretrial purposes: Apple (Case No. 5:18-

cv-06217-LHK), AT&T Corp. (Case No. 5:18-cv-06177-LHK), Verizon (Case No. 5:18-cv-06054-LHK), and Twitter (Case No. 5:18-cv-04523-LHK).

22. AT&T Corp. and the other defendants filed a motion to dismiss, pursuant to Fed. R. Civ. P. 12(b)(6), because the asserted claims of the ’815 and ’005 patents were unpatentable under 35 U.S.C. § 101. On March 25, 2019, Judge Koh granted the motion to dismiss and found all asserted claims of the ’815 and ’005 patents to be invalid. VoIP-Pal appealed. On March 16, 2020, the Federal Circuit affirmed this Court’s judgment of invalidity.

23. In 2018, VoIP-Pal filed additional lawsuits against Apple and Amazon, alleging infringement of four patents—U.S. Patents 9,537,762; 9,813,330; 9,826,002; and 9,948,549. (Case Nos. 5:18-cv-6216-LHK and 5:18-cv-7020-LHK.) Those four patents were part of the same family as, and shared a common specification with, the ’815 and ’005 patents that VoIP-Pal asserted in its earlier litigation. Apple and Amazon filed a motion to dismiss under Fed. R. Civ. P. 12(b)(6) that the asserted claims of the four asserted patents were invalid under 35 U.S.C. § 101. On November 19, 2019, Judge Koh granted the motion to dismiss and found all asserted claims of the four patents to be invalid. VoIP-Pal has filed an appeal, which is pending.

24. In early April 2020, VoIP-Pal filed new lawsuits in the Western District of Texas (Waco Division) against Apple, Amazon, Facebook, and Google, alleging infringement of the ’606 patent. (Civil Action Nos. 20-cv-275, 20-cv-272, 20-cv-267, 20-cv-269.)

25. Last week, on April 24, 2020, VoIP-Pal filed new lawsuits in the Western District of Texas (Waco Division)—one against AT&T Inc., AT&T Corp., AT&T Communications of Texas LLC, and AT&T Services, Inc. and another against Verizon—alleging infringement of the ’606 patent. (Civil Action No. 20-cv-325, 20-cv-327).

26. The ’606 patent, which on its face issued on February 26, 2019 (during the pendency of VoIP-Pal’s lawsuit against AT&T Corp. in the Northern District of California), is in the same family as and shares a common specification with the six patents that VoIP-Pal asserted in earlier litigations against AT&T Corp. and the other defendants and which were found to be invalid by this Court.

27. VoIP-Pal’s complaint against the named AT&T entities in the Western District of

Texas identifies claim 15 as an "exemplary" claim that is allegedly infringed by those AT&T entities. This "exemplary" claim of the '606 patent is very similar to the claims of the six related patents that VoIP-Pal asserted against AT&T Corp. and the other defendants in litigations in this District, and which this Court held to be invalid.

28. VoIP-Pal's infringement allegations against the named AT&T entities in the Western District of Texas, as reflected in its complaint in that action, track its infringement allegations against AT&T Corp. in the earlier action in this District. For example, VoIP-Pal again directs its allegations towards telecommunications services that are the same as or similar to its allegations in the earlier actions in this District.

29. The AT&T plaintiffs believe that they do not infringe and have not infringed any claims of the '606 patent, and that the claims of the '606 patent are invalid at least for the same reasons that the claims of the six previously asserted patents were held invalid.

30. VoIP-Pal's tactics appear to reflect an attempt to avoid the adverse judgments of this Court by bringing a lawsuit based on very similar patent claims in a different district. In the interests of justice and judicial efficiency (among other reasons), any dispute between VoIP-Pal and the AT&T plaintiffs concerning the '606 patent should be adjudicated in this District.

## INTRADISTRICT ASSIGNMENT

31. For purposes of intradistrict assignment under Civil Local Rules 3-2(c) and 3-5(b), this Intellectual Property Action will be assigned on a district-wide basis. The AT&T plaintiffs believe that the case should be assigned to the Honorable Lucy H. Koh, who presided over VoIP-Pal's prior lawsuits against AT&T Corp. and other companies. (*See, e.g.*, Case No. 5:18-cv-6277-LHK.)

## FIRST CLAIM FOR RELIEF

**(Declaratory Judgment That The AT&T Plaintiffs Do Not Infringe The '606 Patent)**

32. The AT&T plaintiffs repeat and reallege each and every allegation contained in paragraphs 1 through 31 of this Complaint as if fully set forth herein.

33. In view of the facts and allegations set forth above, there is an actual, justiciable, substantial, and immediate controversy between the AT&T plaintiffs, on the one hand, and VoIP-

Pal, on the other, regarding whether the AT&T plaintiffs infringe any claim of the ’606 patent. VoIP-Pal has accused two of the three plaintiffs, AT&T Corp. and AT&T Services, Inc., of infringing the ’606 patent in litigation in the Western District of Texas, presenting an actual, justiciable, substantial, and immediate controversy between AT&T Corp. and AT&T Services, Inc. and VoIP-Pal regarding whether AT&T Corp. or AT&T Services, Inc. infringe any claim of the ’606 patent. VoIP-Pal’s infringement allegations in the Western District of Texas generally implicate products or services provided by the third plaintiff, AT&T Mobility LLC, and on the basis of those allegations, there is an actual, justiciable, substantial, and immediate controversy between AT&T Mobility and VoIP-Pal with regard to these allegations and whether AT&T Mobility LLC infringes any claim of the ’606 patent.

34. The AT&T plaintiffs do not infringe, and have not infringed, any claim of the ’606 patent. For example, VoIP-Pal alleges that the named AT&T entities in the Western District of Texas infringe claim 15 of the ’606 patent. Claim 15 depends from independent claim 1, which recites the limitations “processing the second participant identifier and the at least one first participant attribute, using the at least one processor, to produce a new second participant identifier based on at least one match between the second participant identifier and the at least one first participant attribute.” The AT&T plaintiffs do not infringe claim 15 of the ’606 patent at least because no AT&T product or service meets or embodies at least the following limitations as used in the claimed inventions: “processing the second participant identifier and the at least one first participant attribute, using the at least one processor, to produce a new second participant identifier based on at least one match between the second participant identifier and the at least one first participant attribute.”

35. Likewise, the AT&T plaintiffs do not infringe the remaining two independent claims of the ’606 patent, claims 19 and 21. The AT&T plaintiffs do not infringe claim 19 of the ’606 patent at least because no AT&T product or service meets or embodies at least the following limitations as used in the claimed inventions: “producing a new second participant identifier based on determining at least one match of the at least one first participant attribute and at least a portion of the second participant identifier, using the at least one processor.” The AT&T plaintiffs also do not infringe claim 21 of the ’606 patent at least because no AT&T product or service meets or embodies at least

the following limitations as used in the claimed inventions: "process the second participant identifier and the at least one first participant attribute to determine at least one match between the second participant identifier and the at least one first participant attribute;" and "determine whether the second network element is the same as the first network element based at least in part on the at least one match."

36. In view of the foregoing, there is an actual, justiciable, substantial, and immediate controversy between the AT&T plaintiffs, on the one hand, and VoIP-Pal, on the other, regarding whether the AT&T plaintiffs infringe any claim of the '606 patent.

37. The AT&T plaintiffs are entitled to judgment declaring that they do not infringe the '606 patent.

## SECOND CLAIM FOR RELIEF

### (Declaratory Judgment That The Claims Of The '606 Patent Are Invalid)

38. The AT&T plaintiffs repeat and reallege each and every allegation contained in paragraphs 1 through 37 of this Complaint as if fully set forth herein.

39. In view of the facts and allegations set forth above, there is an actual, justiciable, substantial, and immediate controversy between the AT&T plaintiffs, on the one hand, and VoIP-Pal, on the other, regarding whether any claim of the '606 patent is valid.

40. The '606 patent, which on its face issued on February 26, 2019 (during the pendency of VoIP-Pal's lawsuit against AT&T Corp. in the Northern District of California), is in the same family as and shares a common specification with the six patents that VoIP-Pal asserted in earlier litigations against AT&T Corp, and other defendants in this District. This Court held that the asserted claims of those six patents were all invalid under 35 U.S.C. § 101.

41. Like those already invalidated claims, the claims of the '606 patent are invalid under 35 U.S.C. § 101. For example, the claims of the '606 patent (including claim 15) are directed to the abstract idea of routing a communication based on characteristics of the participants—an idea that this Court held was abstract in analyzing several representative claims of four related patents. (*See* Ex. 4 at 32, 52, 53, 57; *see also* Ex. 3 at 21, 35 (holding that the idea of "routing a call based on the characteristics of a caller and callee" was abstract); Ex. 5 (affirming this Court's judgment of

invalidity).) Furthermore, consistent with this Court's earlier judgments concerning related patents, none of the elements of the '606 patent's claims recites an inventive concept, either individually or as an ordered combination. For example, the claims (including claim 15) recite generic computer components (like a "packet switched communication system," a "processor," and a "database") that the specification admits were not invented by VoIP-Pal and that operate in their expected manner.

42. In view of the foregoing, there is an actual, justiciable, substantial, and immediate controversy between the AT&T plaintiffs, on the one hand, and VoIP-Pal, on the other, regarding whether any claim of the '606 patent is valid.

43. The AT&T plaintiffs are entitled to judgment declaring that the claims of the '606 patent are invalid at least under 35 U.S.C. § 101.

## PRAYER FOR RELIEF

The AT&T plaintiffs respectfully request the following relief:

A. That the Court enter a judgment declaring that the AT&T plaintiffs have not infringed and do not infringe any valid and enforceable claim of the '606 patent;

B. That the Court enter a judgment declaring that the claims of the '606 patent are invalid;

C. That the Court declare that this case is exceptional under 35 U.S.C. § 285 and award the AT&T plaintiffs their attorneys' fees, costs, and expenses incurred in this action;

D. That the Court award the AT&T plaintiffs any and all other relief to which the AT&T plaintiffs may show themselves to be entitled; and

E. That the Court award the AT&T plaintiffs any other relief as the Court may deem just, equitable, and proper.

## JURY DEMAND

The AT&T plaintiffs hereby demand a jury trial on all issues and claims so triable.

Dated: April 30, 2020

**BAKER BOTTS L.L.P.**

*/s/ Sarah J. Guske*
Sarah J. Guske
CA Bar No. 232467
sarah.guske@bakerbotts.com
101 California Street, Suite 3600
San Francisco, CA 94111
T: (415) 291-6200
F: (415) 291-6300

Jon V. Swenson
CA Bar No. 233054
jon.swenson@bakerbotts.com
1001 Page Mill Road
Bldg. One, Suite 200
Palo Alto, CA 94304
T: (650) 739-7500
F: (650) 739-7699

Samir A. Bhavsar (*Pro Hac Vice forthcoming)*
samir.bhavsar@bakerbotts.com
2001 Ross Avenue
Dallas, Texas 75201
T: (214) 953-6500
F: (214) 953-6503

Lauren J. Dreyer (*Pro Hac Vice forthcoming)*
lauren.dreyer@bakerbotts.com
700 K Street. N.W.
Washington, DC 20001
T: (202) 639-7700
F: (202) 639-7890

*Attorneys for Plaintiffs AT&T Corp., AT&T Services, Inc., and AT&T Mobility LLC*